UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07248-MRP-JEM | Date | January 14, 2015 |
|---|---|---|---|
| Title | *Eli Lilly and Company, et al. v. Genentech, Inc., et al.* | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | |
|---|---|---|
| Isabel V. Martinez | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**           (In Chambers)

**ORDER GRANTING IN PART DEFENDANTS' EX PARTE APPLICATION TO STRIKE NEW EXPERT OPINIONS OF ANDREAS PLÜCKTHUN AND DANIEL CAPON**

The Court has read and considered defendants' Ex Parte Application for an Order Striking New Expert Opinions of Andreas Plückthun and Daniel Capon and all of the declarations and exhibits in support and in opposition thereto.  The Court finds that the rebuttal reports of Plückthun and Capon contain new expert opinions, and the Court grants in part Genentech's ex parte application.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that opening expert reports contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Rebuttal expert reports may only "contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).  Thus, rebuttal reports are proper when the expert "speaks to the same subject matter addressed by opposing counsel's expert and does not introduce novel arguments." *Donell v. Fid. Nat'l Title Agency of Nev.*, No. 2:07-cv-00001-KJD-PAL, 2012 WL 170990, at *3 (D. Nev. Jan. 20, 2012)

In this case, Professor Plückthun analyzed extensively in his rebuttal report whether the Cabilly patents teach how to produce an immunoglobulin *in vitro*.  Specifically, Professor Plückthun challenged the patents' *in vitro* experimental data.  *See* Plückthun Rebuttal ¶¶ 32-55.  Eli Lilly admitted in their papers that they had conceived of this theory long before Professor Plückthun's opening report.  Yet Professor Plückthun did not address in any detail the *in vitro* experimental results in his opening report.  In fact, he referenced *in vitro* reconstitution only in passing.  *See* Plückthun Opening ¶¶ 37-38.  In light of this fact, Professor Plückthun could exhaustively address *in vitro* reconstitution in his rebuttal only if he was speaking to the same subject matter as opposing counsel's expert.  But Genentech's expert, Dr. Scott, briefly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07248-MRP-JEM | Date | January 14, 2015 |
|---|---|---|---|
| Title | *Eli Lilly and Company, et al. v. Genentech, Inc., et al.* | | |

discussed *in vitro* reconstitution only to demonstrate what the *in vitro* experimental data teach about *in vivo* assembly. Scott Report ¶ 88. Dr. Scott's narrowly framed analysis does not entitle Professor Plückthun to argue on rebuttal, for the first time, that "there would be no way a person of ordinary skill in the art would have believed that the Cabilly inventors successfully 'practiced' the *in vitro* reconstitution methodology." Plückthun Rebuttal ¶ 55. Professor Plückthun's rebuttal argument does more than discuss or question the relevance of the *in vitro* reconstitution example to *in vivo* assembly. His rebuttal argument endorses a new and comprehensive theory solely addressed to *in vitro* reconstitution. It would be prejudicial to Genentech if this Court allowed Eli Lilly to present this theory for the first time in a rebuttal report, to which Genentech cannot respond.

Similarly, Dr. Capon undoubtedly exceeded the scope of the testimony of Dr. Botchan, Genentech's expert. Dr. Capon did not examine non-mammalian host cells or *in vivo* assembly comprehensively in his opening report. In Dr. Botchan's responsive report, Dr. Botchan discussed neither non-mammalian host cells nor *in vivo* assembly. Thus, Dr. Capon improperly discussed these topics for the first time in his rebuttal report. Dr. Capon justified his discussion of these topics by pointing to sixteen references cited in Dr. Botchan's report, but Eli Lilly fails to explain the relevance of these citations to Dr. Capon's new opinions. Mere citations to references do not give an expert the liberty to introduce new theories in his rebuttal report.

Because the rebuttal reports contain new opinions, the automatic and mandatory remedy is for this Court to strike the opinions. *See* Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 37(c)(1) provides only two exceptions: if the failure to disclose the opinions in the opening report (1) was substantially justified or (2) is harmless. Considering the history of this litigation, the failure to disclose these theories was not substantially justified. Eli Lilly has long held the theories discussed in their experts' rebuttal reports, and Eli Lilly has offered no persuasive reason why these theories were excluded from the opening reports. Additionally, the failure to disclose these theories is not harmless. Genentech cannot respond to these new theories. The Court could allow Genentech to file a surrebuttal, but doing so would punish Genentech for Eli Lilly's failure to follow the Federal Rules of Civil Procedure. Eli Lilly could have raised these issues in their experts' opening reports and chose not to. Therefore, the Court strikes paragraphs 32-55 of Professor Plückthun's rebuttal report and paragraphs 10-33, 60, and 62-68 of Dr. Capon's rebuttal report.[1]

IT IS SO ORDERED.

---

[1] Genentech requested that the Court also strike paragraph 31 of the Plückthun rebuttal report. However, the Court finds that this paragraph does not contain a new opinion because it addresses *in vivo* assembly.